# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 10-7020

September Term, 2010

FILED ON: JANUARY 31, 2011

JARROD BECK, ET AL.,
                    APPELLANTS

v.

TEST MASTERS EDUCATIONAL SERVICES, INC.,
                    APPELLEE



Consolidated with 10-7075

Appeals from the United States District Court
for the District of Columbia
(No. 1:04-cv-01391)

Before: HENDERSON and GRIFFITH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

## JUDGMENT

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and oral arguments, for the reasons explained in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed in part and reversed and remanded in part.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See FED. R. APP. P. 41(b); D.C. CIR. R. 41.

*Per Curiam.*

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
        Jennifer M. Clark
        Deputy Clerk

A True Copy

United States Court of Appeals
for the District of Columbia Circuit

BY: _____ Deputy Clerk

MEMORANDUM

Plaintiffs Jarrod Beck, Keerthi Reddy and Erin Galloway planned to enter law school in the fall of 2004. Hoping to improve their LSAT scores, they signed up for an LSAT prep course with defendant Test Masters Educational Services, Inc. ("TES"). They allege that they mistakenly believed they were signing up with Robin Singh Educational Services, Inc., doing business as TestMasters ("Singh").

The plaintiffs allege that TES duped them into taking the wrong course by failing to correct their mistaken beliefs that they were registering for or had registered for Singh's course. They assert that Singh's course was better than TES's; that had they taken the "right" course, they would have scored higher on the LSAT, would have been admitted to higher ranked schools, and would have had better job prospects.

The plaintiffs filed suit, claiming that TES committed fraud and negligent misrepresentation, and violated the D.C. Consumer Protection Procedures Act ("CPPA").[1] The district court concluded that the plaintiffs failed to demonstrate a genuine issue of material fact as to damages and causation, and on that basis granted TES's motion for summary judgment as to the fraud and negligent misrepresentation claims. The district court dismissed the CPPA claims for lack of subject matter jurisdiction, concluding that without proof of damages, plaintiffs did not suffer an injury in fact required for Article III standing. Beck v. Test Masters Educational Services, Inc., 680 F. Supp. 2d 212, 214-15 (D.D.C. 2010). Thereafter, the defendant filed two motions for sanctions, which the district court denied without prejudice.

We affirm the district court's grant of summary judgment for TES on common law fraud and negligent misrepresentation claims. Under D.C. law, the measure of damages for common law fraud and negligent misrepresentation is the difference between the market value of the item as represented and the market value of the item received; the plaintiff bears the burden of proof. Mariner Water Renaturalizer of Washington, Inc. v. Aqua Purification Sys., Inc., 665 F.2d 1066, 1071 (D.C. Cir. 1981). In the absence of an "effort to show, to any degree of reasonable certainty, the price at which the [item] could have been sold under truthful advertising," plaintiff

---

[1] Singh – and not the plaintiffs – has funded and directed this litigation, see Retention Agreement between Tycko, Zavareei & Spiva LLP and each of the plaintiffs, at 2, June 25, 2004 ("Our fees will be paid by Robin Singh Educational Services, Inc. ('TestMasters') . . . . The strategic direction of the representation will be managed primarily by our law firm at the direction of TestMasters."), which appears to be the latest episode of a prolonged Singh v. TES litigative saga. Singh first sued TES about the right to use the "Test Masters" trademark, and after two defeats — Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559 (5th Cir. 2005) and Test Masters Educational Services, Inc. v. Singh, 46 Fed. Appx. 227 (5th Cir. 2002) — followed by funding two additional suits (this case being one of them). Beck v. Test Masters Educational Services, Inc., 680 F. Supp. 2d 212, 212-13 (D.D.C. 2010) (describing the parties' litigation history to date).

loses. Id. For a more recent case applying the same principle, see Garcia v. Llerena, 599 A.2d 1138 (D.C. 1991).

Here the record includes no evidence of damages. The fact that the plaintiffs perceived Singh's LSAT course to have been "objectively superior" to the TES course is not evidence that the market value of the TES course was lower. The plaintiffs provide a chart in their reply brief which suggests that the TES LSAT course and Singh's course were different. But the chart is useless as evidence of a different market value without evidence that the features of the Singh course that plaintiffs claim manifest superiority would have commanded some sort of premium in the market. The record contains no information on whether more experienced providers commanded premium prices; no evidence that size, scope, or presence in D.C. mattered in pricing; no evidence that courses of shorter duration commanded lower prices, or whether the availability of online resources or the availability of a helpline made any difference in pricing or any other indicator of market value. Cf. Bedell v. Inver Housing, Inc., 506 A.2d 202, 205 (D.C. App. 1986) (affirming the trial court's finding that a plaintiff's assertions as to damage of specified items allegedly damaged in the flooding of a gallery, including supposed dollar amounts, did not provide an adequate basis for a reasonable estimate of the plaintiff's losses). See also W.G. Cornell Co. v. Ceramic Coating Co., 626 F.2d 990, 993 (D.C. Cir. 1980) (holding that although a plaintiff is not required to prove the amount of his damages precisely, "the fact of damage and a reasonable estimate must be established").

For the most part, the plaintiffs' theory is that Singh incurred greater costs to provide his cram course, but that is not evidence the additional costs (if in fact they were incurred) yielded a superior product. As a result, there is no genuine issue of material fact as regards damages — because plaintiffs failed to offer any proof on the vital issue: difference between value of the courses as plaintiffs were led to believe, and value as delivered.

Nor is it of consequence that the TES course was priced at $1299 and the Singh course at $1249. (In fact Galloway paid $899 by virtue of a $400 discount because of changed location, and Reddy paid $1249 by virtue of a $50 returning student discount.) The proper comparison must be between (1) the market value of what TES promised, and (2) the market value of what the plaintiffs received. Just as plaintiffs have failed to offer evidence that TES's course was worth less than Singh's, they have also failed to offer evidence that the price of Singh's course represents the true market value, or a ceiling on the market value, of TES's.

We reverse and remand as to the claims for statutory damages under the CPPA. Under our decision in Shaw v. Marriott International, Inc., 605 F.3d 1039, 1042 (D.C. Cir. 2010), the plaintiffs' potential entitlement to statutory damages, if they were to satisfy the CPPA criteria for such damages, affords the district court Article III jurisdiction. We express no opinion, of course, on any defenses offered by TES (other than, obviously, the absence of any actual damages).

4

In denying defendant's claim for sanctions, the district court observed that it was doing so "without prejudice" and "in deference to the Court of Appeals." These qualifications do not deny the district court's judgment the status of a final appealable order. Ciralsky v. CIA, 355 F.3d 661, 666-67 (D.C. Cir. 2004) (holding that dismissals without prejudice of actions (as opposed to complaints) are final and appealable); United States v. Mitchell, 551 F.2d 1252, 1260 & n.35 (D.C. Cir. 1976) (concluding that a denial without prejudice of a petition to inspect judicial records was appealable). The order granting summary judgment as to fraud and negligent representation and dismissing the CPPA claim suggests that the district court believed itself to be done with the case. United States v. Wallace & Tiernan Co., 336 U.S. 793, 794 & n.1 (1949) ("That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned."). The "without prejudice" and reference to "deference to the Court of Appeals" can be reasonably construed as no more than the district court's recognition that the case might be remanded, possibly under circumstances requiring another look at the denial of sanctions.

Indeed, as the district court anticipated, the state of the case is now somewhat different from its condition after the court gave its ruling on the merits. The fact that we preserved one part of the case (as regards statutory damages) should not be viewed as precluding reconsideration of defendant's claim for sanctions.