UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JARROD BECK, KEERTHI REDDY, and
ERIN GALLOWAY,

   Plaintiffs,

   v.                                                   Civil Action No.  04-1391 (JDB)

TEST MASTERS EDUCATIONAL
SERVICES, INC.,

   Defendant.

# ORDER

Yet again, the Court must consider a dispute stemming from the contentious discovery process in this D.C. Consumer Protection Procedures Act ("CPPA") case. On March 1, 2013, the Court ordered defendant Test Masters Educational Services, Inc. ("TES") to pay plaintiffs $59,909.19 in sanctions under Federal Rule of Civil Procedure 37. This award, based on TES's discovery conduct, consists entirely of plaintiffs' reasonable expenses, including attorney fees, for two discovery-related motions.[1] After plaintiffs moved to set a deadline for this payment, the Court ordered that the payment be made "by not later than April 11, 2013," and warned TES that "failure to do so may result in additional sanctions." March 28, 2013, Order [Docket Entry 140]. TES then appealed the sanctions ruling and now moves to stay enforcement pending appeal [Docket Entry 143].

In assessing whether to grant a stay pending appeal, the Court looks to four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the

---

[1] The Court also imposed an issue-based sanction in the form of an adverse inference instruction. That portion of the Order is not at issue here.

stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). As movant, TES bears the burden "of showing that exercise of the court's extraordinary injunctive powers is warranted." Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam).

TES has not carried its heavy burden here. First, it has failed to show a likelihood of success on the merits. To the contrary, TES's interlocutory appeal of a Rule 37 order is frivolous. Supreme Court and D.C. Circuit authority clearly establishes that the Court's sanctions award cannot be appealed at this time. See Cunningham v. Hamilton Cnty., 527 U.S. 198 (1999) (holding that an order imposing sanctions under Rule 37(a) is neither divorced from the merits nor unreviewable on appeal from a final judgment, and so is not subject to immediate appeal); Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper of U.S. Senate, 471 F.3d 1341 (D.C. Cir. 2006) (dismissing interlocutory appeal of a discovery sanction under Rule 37); Nat'l Ass'n of Criminal Def. Lawyers, Inc. v. DOJ, 182 F.3d 981 (D.C. Cir. 1999) (dismissing, for lack of jurisdiction, appeal of an interim award of attorney fees). Indeed, the Supreme Court noted that "[t]o permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." Cunningham, 527 U.S. at 208. Tellingly, TES offers no response to plaintiffs' arguments about interlocutory appeal; indeed, its reply brief is silent on the likelihood of success on the merits.

Second, TES has also failed to show any irreparable injury. It is elementary that, in most circumstances, a payment of money causes no irreparable harm. See Wis. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) ("It is also well settled that economic loss does not,

in and of itself, constitute irreparable harm. . . . The key word in this consideration is <u>irreparable</u>. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." (internal quotation marks omitted)); <u>see also</u> <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974) (same). True, a payment of money can cause irreparable injury where the expenditure is unrecoverable. <u>Philip Morris USA Inc. v. Scott</u>, 131 S. Ct. 1, 4 (2010) (Scalia, J., in chambers) ("If expenditures cannot be recouped, the resulting loss may be irreparable."); <u>Sterling Commercial Credit—Mich., LLC v. Phx. Indus. I, LLC</u>, 762 F. Supp. 2d 8, 16 (D.D.C. 2011) ("[C]ourts have also held, under some circumstances, that economic harm may qualify as irreparable where a plaintiff's alleged damages are unrecoverable." (internal quotation marks omitted)). TES invokes this exception, pointing to plaintiffs' declarations that they have substantial student loan debt and low income. From this, TES infers that plaintiffs would be likely to spend the money immediately and not have it available for repayment. This argument is speculative—the fact that an individual is carrying some debt does not establish that, if awarded money, he will disobey a future court order to make a repayment. See <u>Sterling Commercial Credit</u>, 762 F. Supp. 2d at 16 (rejecting as too speculative movant's allegation that funds may become unrecoverable because opposing party "has sold all of its assets and will likely not remain in business"). This is far from a case where the individuals receiving the money are bankrupt, or are otherwise legally unavailable for court-ordered repayment. <u>See, e.g.</u>, <u>Am. Fed'n of Gov't Emps., AFL-CIO v. United States</u>, 104 F. Supp. 2d 58, 76 (D.D.C.2000) (finding irreparable harm where the plaintiffs were likely to be prevented from recovering payment by federal back pay statute); <u>Clarke v. Office of Fed. Hous. Enter. Oversight</u>, 355 F. Supp. 2d 56, 66 (D.D.C. 2004) (finding irreparable harm where entity receiving funds would be immune from suit to recover them). Indeed, finding that a payment will be unrecoverable based on so little

would convert payment of most money damages into irreparable harm. Even more fundamentally here, the Court awarded attorney fees and expenses for the work plaintiffs' attorneys expended on motions that they should not have had to file. The money will hence accrue to the attorneys, rather than to plaintiffs themselves. And TES has not even attempted to establish that plaintiffs' attorneys will be unable to repay the award if ordered to do so at a future date. Accordingly, at issue here is a recoverable payment of money, a hornbook example of a payment that does not constitute irreparable harm or warrant a stay.

Defendants have fallen far short of establishing the two critical requirements for a stay pending appeal. Briefly, neither of the other factors warrants a stay either. Issuance or denial of a stay has no effect on other parties. And the public interest lies strongly in favor of prompt payment: as this Court ruled previously, TES's approach to this litigation led to the loss of relevant evidence and to unnecessary and costly proceedings. Prompt payment of the awarded sanctions is much more likely to deter TES from continuing such conduct, allowing this case to proceed to a timely resolution. Allowing TES to wait, by contrast, would permit the very sort of "delaying or harassing tactics" Rule 37 seeks to prevent. See Cunningham, 527 U.S. at 208.

TES has not established a likelihood of success on the merits or any irreparable injury. Moreover, the equities weigh against a stay. For these reasons, it is hereby **ORDERED** that [143] defendant's motion for a stay pending appeal is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 9, 2013