# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JARROD BECK, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No. 1:04-CV-01391 (RCL) |
| TEST MASTERS EDUCATIONAL SERVICES INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is the defendant's renewed motion to vacate or reconsider orders on plaintiffs' motion to compel and for sanctions. For the reasons stated below, defendant's motion for sanctions will be DENIED.

## I.  BACKGROUND

The relevant facts are as follows: hoping to attend law school beginning in the fall of 2004, plaintiffs Jarrod Beck, Keerthi Reddy, and Erin Galloway signed up for an LSAT prep course with defendant, Test Masters Educational Services, Inc. ("TES"). Plaintiffs claim that they believed they were signing up with TestMasters, a company known as Robin Singh Educational Services, Inc. ("Singh"). Both companies offer test preparation classes for standardized tests such as the LSAT. Plaintiffs brought claims of common law fraud and negligent misrepresentation, as well as claims under the D.C. Consumer Protection Procedures Act ("CPPA"), 28 D.C. Code § 28-3904(e), (f), (s), arising out of plaintiffs' purported confusion between the LSAT preparation courses offered by Singh and those offered by TES. Docket No. 30, Exh. 21, pp. 10–12.

1

This case comes before the Court after a tortured history, having been before two other judges before ending up here, on remand from the U.S. Court of Appeals for the D.C. Circuit and on transfer from Judge John Bates of this Court. Even before that, there is a documented history of Singh filing lawsuits against TES alleging trademark violations in order to prevent TES from doing business under that name. Singh's previous suits have been unsuccessful. TES claims that this losing history is driving the current, allegedly meritless suit brought by plaintiffs, which is why TES moved for sanctions based on alleged impropriety.

This action began in the Superior Court for the District of Columbia, and was removed to this Court based on diversity jurisdiction. After being transferred to Judge Gilmore for Multi District Litigation proceedings, it came back to this Court where Judge Robertson granted summary judgment in TES's favor on all counts brought by the plaintiff. Further, Judge Robertson denied TES's sanctions motions—one based on Federal Rule of Civil Procedure 11 and one based on 28 U.S.C. § 1927 and the court's inherent power—"without prejudice." Plaintiffs appealed the ruling granting summary judgment against them, and TES appealed the rulings denying without prejudice their motions for sanctions against plaintiffs and their counsel.

On the appeal of Judge Robertson's summary judgment decisions, the D.C. Circuit affirmed the grant of summary judgment on the common law fraud and negligence claims, but reversed as to the D.C. CPPA claims for statutory damages. *Beck v. Test Masters Educ. Servs., Inc.*, 407 Fed. Appx. 491, 2011 WL 318403 (D.C. Cir. Jan. 31, 2011). The D.C. Circuit stated that plaintiffs' statutory claims could continue and granted limited discovery as to those claims.

As to the present motion, TES asks this Court to vacate or reconsider the Court's discovery-related orders and opinions from (1) June 27, 2011 [93], (2) September 25, 2012 [121, 122], (3) March 1, 2013 [138], and (4) March 28, 2013 [140].

## II. DISCUSSION

### A. RECONSIDERATION REQUIREMENTS ARE NOT SATISFIED BY TES

#### 1. Legal Standard

Reconsideration of a prior court order may be appropriate if: (1) the court had a "patent misunderstanding of the parties;" (2) the court made a decision that "exceeded the issues presented;" (3) the court failed to consider controlling law; or (4) there was a "significant change in the law . . . after the decision was rendered." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 84–85 (D.D.C. 2009); *see also Zalduonodo v. Aetna Life Ins. Co.*, 845 F. Supp. 2d 146, 157 (D.D.C. 2012). The burden is on the movant, here TES, to "show[] that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Pueschel*, 606 F. Supp. 2d at 85. These grounds are quite narrow and must be assessed here due to the procedural posture of TES's motion to vacate or to reconsider.

#### 2. Discussion

Here, TES does not even make mention of this standard in its motion. Instead, TES argues that this Court should reverse Judge Bates' decisions because plaintiffs' discovery motions were—allegedly—untimely, waived, and previously rejected by the previous district court judges presiding over this case. In support of its argument, TES recycles failed arguments that both misstate the history of this case and lack sufficient legal support. As Judge Bates stated:

> TES opposed [Plaintiffs' post-remand discovery] requests on the grounds that (1) the prior judges assigned to this case had already denied the discovery requests, and (2) plaintiffs had waived both arguments by not raising them during an appeal to the D.C. Circuit. TES's opposition contained only minimal responses to the substance of the requests; TES claimed that it would need more time to draft such a motion for extension of time and even to prepare the motion. The Court rejected both of TES's arguments in its June 27, 2011 Order as obvious mischaracterizations of the record and the law.

[Docket No. 122, at 25 (citations omitted)]. Additionally, Judge Bates properly granted sanctions against TES for its improper discovery conduct in this case, due to its failure to preserve documents.

3

In the opinion of this Court, Judge Bates properly considered and decided plaintiffs' discovery motions and, as such, this Court will not vacate those decisions.

Nor will this Court reconsider Judge Bates' orders. Since Judge Bates made his decisions on the four motions at issue, there has been no significant change in law either that the Court is aware of or that defendant has argued. Further, there is no evidence that the court had a "patent misunderstanding of the parties," or that the court's decision exceeded the issues in front of it. And last, there is certainly no evidence that Judge Bates failed to consider controlling law in ruling on the four motions. The only change in this litigation is that the matter is now in front of a different judge. Given the nature of Judge Bates' findings and the failure to satisfy—or even argue—the requirements for reconsideration, this Court will not vacate or reconsider the previous four decisions, which bear every mark of propriety.

### III. CONCLUSION

Thus, because of (1) the Judge Bates' findings in the previous four motions at issue, (2) TES's improper discovery conduct in this case, and (3) TES's failure to meet the requirements for reconsideration, the Court holds that TES's motion to vacate or reconsider is denied. TES's requested relief is denied.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, U.S. District Judge, on December 18, 2013.