# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JARROD BECK, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**TEST MASTERS EDUCATIONAL** )<br>**SERVICES INC.,** )<br>)<br>Defendant. )<br>) | Civil No. 1:04-CV-01391 (RCL) |

## MEMORANDUM OPINION

Before the Court is the defendant's renewed motion for sanctions against the plaintiffs and/or their attorneys. For the reasons stated below, defendant's motion for sanctions will be DENIED.

## I.  BACKGROUND

The relevant facts are as follows: hoping to attend law school beginning in the fall of 2004, plaintiffs Jarrod Beck, Keerthi Reddy, and Erin Galloway signed up for an LSAT prep course with defendant, Test Masters Educational Services, Inc. ("TES"). Plaintiffs claim that they believed they were signing up with TestMasters, a company known as Robin Singh Educational Services, Inc. ("Singh"). Both companies offer test preparation classes for standardized tests such as the LSAT. Plaintiffs brought claims of common law fraud and negligent misrepresentation, as well as claims under the D.C. Consumer Protection Procedures Act ("CPPA"), 28 D.C. Code § 28-3904(e), (f), (s), arising out of plaintiffs' purported confusion between the LSAT preparation courses offered by Singh and those offered by TES. Docket No. 30, Exh. 21, pp. 10–12.

1

This case comes before the Court after a tortured history, having been before two other judges before ending up here, on remand from the U.S. Court of Appeals for the D.C. Circuit and on transfer from Judge John Bates of this Court. Even before that, there is a documented history of Singh filing lawsuits against TES alleging trademark violations in order to prevent TES from doing business under that name. Singh's previous suits have been unsuccessful. TES claims that this losing history is driving the current, allegedly meritless suit brought by plaintiffs, which is why TES moved for sanctions based on alleged impropriety.

This action began in the Superior Court for the District of Columbia, and was removed to this Court based on diversity jurisdiction. After being transferred to Judge Gilmore for Multi District Litigation proceedings, it came back to this Court where Judge Robertson granted summary judgment in TES's favor on all counts brought by the plaintiff. Further, Judge Robertson denied TES's sanctions motions—one based on Federal Rule of Civil Procedure 11 and one based on 28 U.S.C. § 1927 and the court's inherent power—"without prejudice." Plaintiffs appealed the ruling granting summary judgment against them, and TES appealed the rulings denying without prejudice their motions for sanctions against plaintiffs and their counsel.

On the appeal of Judge Robertson's summary judgment decisions, the D.C. Circuit affirmed the grant of summary judgment on the common law fraud and negligence claims, but reversed as to the D.C. CPPA claims for statutory damages. *Beck v. Test Masters Educ. Servs., Inc.*, 407 Fed. Appx. 491, 2011 WL 318403 (D.C. Cir. Jan. 31, 2011). The D.C. Circuit stated that plaintiffs' statutory claims could continue and granted limited discovery as to those claims.

As to the present motion, both Judge Robertson and Judge Bates denied TES's motion for sanctions without prejudice. Upon transfer of the case to the present chambers, TES renewed its motion for sanctions, asking it to be considered a third time.

## II. DISCUSSION

### A. RECONSIDERATION REQUIREMENTS ARE NOT SATISFIED BY TES

#### 1. Legal Standard

Reconsideration of a prior court order may be appropriate if: (1) the court had a "patent misunderstanding of the parties;" (2) the court made a decision that "exceeded the issues presented;" (3) the court failed to consider controlling law; or (4) there was a "significant change in the law . . . after the decision was rendered." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 84–85 (D.D.C. 2009); *see also Zalduonodo v. Aetna Life Ins. Co.*, 845 F. Supp. 2d 146, 157 (D.D.C. 2012). The burden is on the movant, here TES, to "show[] that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Pueschel*, 606 F. Supp. 2d at 85. These grounds are quite narrow and must be assessed here due to the procedural posture of TES's renewed motion for sanctions. While the D.C. Circuit remanded on the sanctions issue, it did so for *possible* reconsideration. *Beck v. Test Masters Educ. Servs., Inc.*, 407 Fed. Appx. 491, 2011 WL 318403, *3 (D.C. Cir. Jan. 31, 2011). It is still up to the movant—TES—to satisfy the grounds for reconsideration.

#### 2. Discussion

Here, TES has not met any of the four criteria for reconsideration. There is nothing in Judge Bates' 50-plus page memorandum opinions that would give this Court the impression that he misunderstood the parties, made a decision that exceeded the issues, or failed to consider controlling law. Indeed, TES makes no allegation of any of the scenarios being present. Further, there has been no change in controlling law—either that the Court is aware of or that TES has alleged—that would mandate a different result from that of Judge Bates. As plaintiffs correctly point out, the only change in this case since Judge Bates ruled is that the matter is now before these

chambers. Pl. Mem. Opp. to Def. Renewed Mot. for Sanctions. And, without a reason to do so, this Court will not review Judge Bates' decisions that bear every mark of propriety.

## B. AVAILABLE SANCTIONS

TES requests sanctions to be issued, jointly and severally, against plaintiffs and their counsel under Federal Rule of Civil Procedure 11, the court's inherent power, and 28 U.S.C. § 1927.

### 1. Rule 11 Legal Standard

Under Rule 11, an attorney or party signing any "pleading, motion, or other paper" filed with the court certifies that the filing "is not being presented for any improper purpose, . . . [that] the claims, defenses, and other legal contentions therein are warranted[,] . . . [and that] the factual contentions have evidentiary support . . . or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11. A court's decision on whether to impose Rule 11 sanctions will be reviewed by an appellate court in light of the totality of all surrounding circumstances. *Atkins v. Fischer*, 232 F.R.D. 116, 129 (D.D.C. 2005) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 32, 35 (1962)).

### 2. § 1927 or Discretionary Sanctions Legal Standard

Section 1927 allows the Court "to assess attorney's fees against an attorney who frustrates the progress of judicial proceedings." *United States v. Wallace*, 964 F.2d 1214, 1218 (D.C. Cir. 1992); *Atkins v. Fischer*, 232 F.R.D. 116, 127 (D.D.C. 2005). As TES notes, Section 1927 functions as an "incentive for attorneys to regularly re-evaluate the merits of their claims to avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006); Def. Mot. for Sanctions, [51], at 2. These sanctions can be awarded "when an attorney acts recklessly or with indifference to the law . . . . when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the *entire* course of the proceedings was

4

unwarranted." *Steinert*, 440 F.3d at 1221 (emphasis added) (sanctioning an attorney for disregard of the judicial process, filing excessive and tardy extension requests to keep claims alive).

### 3. Discussion

TES now asks this Court to again consider awarding sanctions against plaintiffs for bringing a baseless, harassing suit—ignoring what has transpired in this case. TES rests much of its argument on Judge Robertson's language in his summary judgment opinion calling plaintiffs' claims "completely unmeritorious." Def. Mot. for Rule 11 Sanctions, [52], at 7. The D.C. Circuit, however, only affirmed summary judgment as to the common law claims. *Beck v. Test Masters Educ. Servs., Inc.*, 407 F. App'x 491 (D.C. Cir. 2011). Quite to the contrary of being "complete unmeritorious," the D.C. Circuit granted discovery—albeit narrow—for plaintiffs on the D.C. CPPA claims, allowing them to continue and reversing Judge Roberston's grant of summary judgment on those claims. *Beck v. Test Masters Educ. Servs., Inc.*, 407 F. App'x 491 (D.C. Cir. 2011).

TES alleges that "the evidentiary basis of this proceeding is so lacking that it only could have been brought for improper purpose" and that plaintiffs' counsel acted recklessly in proceeding with the case. Def. Mot. for Rule 11 Sanctions [52], at 5; Def. Mot. for Sanctions [51], at 4. Clearly the D.C. Circuit thought otherwise—acknowledging the potential for an evidentiary basis for the D.C. CPPA claims. No admonishment of plaintiffs' lawyers has resulted from either judge, apart from the line cited by TES. This hardly meets the definition of a frivolous complaint as laid out by the Supreme Court—lacking an "arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Due to the ruling of the D.C. Circuit, this Court fails to see how such sanctions could be granted based on TES's argument of lack of evidentiary basis.

Further, discretionary sanctions are even more inappropriate when the Court considers TES's conduct in this litigation, which has created a tremendous amount of unnecessary paper and frustrated the progress of this proceeding. The "continuous and systematic program of expensive

and harassing litigation and other tactics" that TES accuses plaintiffs of engaging in has been, at the very least, been employed equally by TES. Def. Mot. for Rule 11 Sanctions [52], at 5. Specifically, Judge Bates found TES to be "at least negligent" in losing emails and improperly and incompletely responding to plaintiffs' discovery requests, finding TES to have had a culpable mind in committing those acts. Mem. & Op., [138], at 5. Moreover, it is hard to know what that lost discovery—deemed relevant to the D.C. CPPA claims—could have uncovered in support of the plaintiffs' claims. As a result, Judge Bates granted plaintiffs' issue-based sanctions against TES due to the discovery violations on September 25, 2012. Docket No. 122.

The court also levied Rule 37 monetary sanctions against TES on March 1, 2013. Instead of paying the sanctions as ordered multiple times by the court, TES appealed the order [Docket No. 138] and requested an emergency stay of the sanctions award [*Beck et al. v. Test Masters Educ. Servs., Inc.*, Case No. 13-7053, Appellant's Emergency Motion to Stay Enforcement of Order, Doc. 1429946]. After a flurry of frantic filings by TES, the D.C. Circuit dismissed TES's improper appeal and denied TES's motion to stay, leaving TES to finally pay the sanctions award on April 12, 2013.

### C. THE "LAW OF THE CASE" DOCTRINE FURTHER POINTS TO DENIAL OF TES'S MOTION

As stated above, the procedural posture of this case—a renewed motion for sanctions, which has been denied twice before—further clarifies the proper decision for this Court. It is worth mentioning the "law of the case" doctrine, which instructs that "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (emphasis in original). The doctrine exists to "maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit." 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4478 (1981). As previously

stated, no new facts have come to light since Judge Bates denied TES's motion for sanctions. That decision, coupled with the other factors reviewed above that counsel against sanctions, convinces this Court that TES's renewed motion for sanctions should be denied.

## III. CONCLUSION

It is worth noting that the Court does take notice of the potential for burdensome litigation based on Singh's history against TES. Despite that past, even on appeal, some of the claims in this suit were allowed to proceed, defeating any arguments as to the suit being "completely unmeritorious." Further, TES's behavior in this case has been far from model conduct, resulting in sanctions awarded by Judge Bates due to discovery violations.

As a result, because of (1) the D.C. Circuit's grant of discovery on the D.C. CPPA claims, (2) TES's improper discovery conduct in this case, and (3) TES's failure to meet the requirements for reconsideration, the Court holds that TES's motion for sanctions is denied. TES's requested relief is denied.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, U.S. District Judge, on December 18, 2013.