UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JARROD BECK**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 04-1391 (RCL) |
| ) | |
| **TEST MASTERS EDUCATIONAL** ) | |
| **SERVICES INC.,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Upon consideration of the plaintiffs' Motion for the Entry of a Monetary Judgment and to Set an Evidentiary Hearing on Plaintiffs' Request for Injunctive Relief [200], the defendant's Opposition [204] thereto, and the plaintiffs' Reply [205], the Court hereby DENIES the motion for injunctive relief and GRANTS the motion for a monetary judgment.

### I.  BACKGROUND

Prior opinions of this Court have detailed the complex procedural background of this litigation at length. *See, e.g.*, *Beck v. Test Masters Educ. Servs. Inc.*, Civil No. 1:04-CV-01391 (RCL), 2013 WL 6668699, at *1–2(D.D.C. Dec. 18, 2013). For present purposes, the Court will recount only those facts relevant to this opinion.

Plaintiffs—former students in the defendant's LSAT preparation course—filed suit in 2004, claiming violations of the D.C. Consumer Protection Procedures Act ("CPPA"). Plaintiffs enrolled in the defendant's course, offered as Test Masters Educational Services ("TES"), believing that they were registering for a different course known as TestMasters, operated by Robin Singh Educational Services, Inc. When plaintiffs initially contacted the defendant via

telephone and expressed interest in LSAT preparation courses, each referenced locations where Singh's TestMasters operated courses and TES did not. TES agents failed to correct the apparent misunderstanding, and in doing so, "affirmatively and impliedly mislead plaintiffs." *Beck v. Test Masters Educ. Servs. Inc.*, No. 1:04-CV-01391 (RCL), 2013 WL 6668699, at *5 (D.D.C. Dec. 18, 2013). As such, this Court granted summary judgment in favor of the plaintiffs on the CPPA claims. *Id.*

TES appealed. Because this Court's order granting summary judgment did not resolve the plaintiffs' claims for injunctive relief and statutory damages under the CPPA, the United States Court of Appeals for the D.C. Circuit dismissed the appeal, holding that the order was "not a final appealable order under 28 U.S.C. § 1291 because it does not dispose of all claims against all parties." *Beck v. Test Masters Educ. Servs. Inc.*, No. 14-7010., ECF No. 1492325 (May 9, 2014). Seeking resolution of these claims, the plaintiffs filed the instant motion.[1] For the reasons outlined below, the Court denies the motion for injunctive relief and grants the motion for statutory damages.

## II.     MOTION FOR PERMANENT INJUNCTION

### A.  Legal Standard

The CPPA provides that, as a remedy for proven violations, plaintiffs *may* obtain "[a]n injunction against the use of the unlawful trade practice." D.C. Code § 28-3905(k)(2)(D). Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A permanent injunction is a "forward-looking" remedy, *Gratz v. Bollinger*, 539 U.S. 244, 284 (2003), the "principal purpose" of which is to

---

[1] The Court rejects TES's assertion that the plaintiffs' motion is untimely under Federal Rule of Civil Procedure Rule 59(e), which requires that any motion to alter or amend a judgment be filed within 28 days after the judgment is entered. Rule 54(a) defines a judgment as any "order from which an appeal lies." The Circuit's opinion that no such order was entered in this case forecloses TES's argument on untimeliness.

"deter future violations, and not to punish the violator," *Sec. & Exch. Comm'n v. Savoy Indus., Inc.*, 587 F.2d 1149, 1169 (D.C. Cir. 1978).  A plaintiff seeking a permanent injunction must demonstrate that (1) it will suffer an irreparable injury in the absence of an injunction; (2) legal remedies are insufficient to compensate for that injury; (3) considering the balance of hardships between the parties, an equitable remedy is warranted; and (4) the injunction is in the public interest. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010); *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).  Because "the basis of injunctive relief in the federal courts has always been irreparable harm," courts need not consider the latter three factors where the plaintiff fails to establish the first. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (internal quotations and citations omitted).

An evidentiary hearing on whether to grant injunctive relief is required when "there are genuine issues of material fact" or "when a court must make credibility determinations to resolve key factual disputes in favor of the moving party." *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004).

Applying the aforementioned factors to the present case, and finding that there are no genuine issues of material fact, the Court denies the plaintiffs' motion for injunctive relief because they have failed to demonstrate that irreparable injury will ensue in the absence of an injunction.

    **B.  Analysis**

"The irreparable injury requirement erects a very high bar for a movant." *Coal. For Common Sense In Gov't Procurement v. United States*, 576 F. Supp. 2d 162, 168 (D.D.C. 2008).  The claimed injury must be "both certain and great" and "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  *Wisconsin Gas Co. v.*

*F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985) (emphasis in original). The plaintiffs, having succeeded in proving only ten-year-old isolated instances of misleading conduct, have failed to demonstrate that an injunction is necessary to prevent an actual, imminent injury.

Plaintiffs claim that "copious . . . confusion among D.C. area consumers" persists. Pls.'s Reply 13. But confusion does not equate to deception or misrepresentation. Since 2004, TES has sought to dispel some of this confusion by including a bold and conspicuous statement on its enrollment agreement that "there are other companies that choose to operate under the name Test Masters. One such company is legally called Robin Singh Educational Services. Rest assured, we are not that company." Def.'s Mot. for Summ. J., ECF No. 159, Ex. 14 (Test Masters Full-Length LSAT Course Student Agreement), at 27–28. This Court has previously held that this "disclosure is sufficient to put . . . participants on notice of the two companies and waive the claim of misrepresentation or omission." *Beck*, 2013 WL 6668699 at *5. Plaintiffs now argue that this is an "obscure" statement hidden in "fine print." Pls.'s Reply 13. But with the exception of headings, the entire two-page agreement is in the same font size and therefore devoid of fine print. And, the disclaimer regarding Singh's TestMasters is written in bold and far from obscure. The Court again holds that this statement is sufficient to put customers on notice that there is more than one TestMasters and to prompt additional research where necessary.

Each of the dissatisfied TES customers presented in the plaintiffs' motion allegedly realized that they had enrolled in the wrong course *after* signing an enrollment agreement that contained the clear disclaimer. *Id*. at 13–16. Moreover, each of these customers claim they were deceived by the website, and this Court has previously held that there is no evidence of online deception in this case. *Beck*, 2013 WL 6668699 at *5. Curiously, plaintiffs argue that, even in the absence of the apparent confusion that was present when each of the plaintiffs spoke with

TES representatives, TES is deceiving customers by failing to affirmatively inform all of their potential customers that Singh's TestMasters exists. The law forbids consumer deception, but it does not require that a company begin all communication with the general public by informing them of its competitors.

Consumer confusion is to be expected when consumers must choose between two LSAT preparation companies known commercially as TestMasters and maintaining websites separated only by the difference between .com and .net.  The ire regarding TES's use of the name "TestMasters" appears to be the root of this litigation, but Mr. Singh has fought and lost that battle twice. *Test Masters Educational Services, Inc. v. Singh,* 428 F.3d 559 (5th Cir.2005); *Test Masters Educational Services, Inc. v. Singh,* 46 F. App'x 227 (5th Cir.2002).  Mr. Singh, who the Circuit acknowledged "has funded and directed this litigation," *Beck v. Test Masters Educ. Servs., Inc.*, 407 F. App'x 491, 492 (D.C. Cir. 2011), may not use the extraordinary remedy of a permanent injunction to obtain the result twice denied him by other courts.

In sum, the potential harm asserted by the plaintiffs does not meet the high bar of a "certain and great" injury.  Thus, even assuming the truth of all of TES's factual assertions, this Court finds that plaintiffs have failed to prove the widespread pattern of deception that they alleged in support of injunctive relief.

### III.    MOTION FOR STATUTORY DAMAGES

As an alternative to treble damages—which are unavailable to the plaintiffs because they have no compensatory damages—the CPPA permits recovery of "$1,500 per violation, whichever is greater, payable to the consumer." D.C. Code § 28-3905(k)(2)(A).  This "default payment" is particularly appropriate in cases such as this, where plaintiffs "are able to show causation, but cannot prove the amount of pecuniary damage suffered as a result." *Wells v.*

*Allstate Ins. Co.*, 210 F.R.D. 1, 9 (D.D.C. 2002).  The Court has granted summary judgment on the plaintiffs' discrete CPPA claims and the default statutory damages are therefore appropriate.

The only outstanding matter in this case is the plaintiffs' motion [203] for attorneys' fees.  As stated in the Court's previous opinion, such motions are collateral and will be considered separately.  The defendant's motion indicates that the parties' prior attempt to meet and confer regarding attorneys' fees was complicated by confusion as to whether the Court's summary judgment opinion was a final appealable order.  Given that the Circuit has conclusively ruled that it was not, the Court again encourages the parties to timely meet and confer on this matter in an attempt to agree on a reasonable amount of attorneys' fees.  Plaintiffs' prior motion [203] is denied, without prejudice to filing a new motion within 30 days of this date if the parties are unable to agree.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on June 20, 2014.