UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV 10 2014

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

JARROD BECK, ERIN GALLOWAY,
and KEERTHI REDDY,

    **Plaintiffs,**

 v.

Civil Action. No. 1:04-cv-01391 (RCL)

TEST MASTERS EDUCATIONAL
SERVICES, INC.,

    **Defendant.**

## MEMORANDUM OPINION

Plaintiffs Jarrod Beck, Erin Galloway, Keerthi Reddy (collectively "plaintiffs") seek attorneys' fees and expenses from defendant Test Masters Educational Services, Inc. ("TES"). This Court entered summary judgment in favor of plaintiffs for claims under the D.C. Consumer Protection Procedures Act, D.C. Code § 23-3905(k)(2)(A) on December 18, 2013. The Court also awarded each plaintiff $1,500, for a total of $4,500, in statutory damages against TES and allowed plaintiffs to seek attorneys' fees. Plaintiffs now seek $963,415.85 in attorneys' fees and costs pursuant to the Court's order. For the reasons discussed below, plaintiffs' Petition for Attorneys' Fees and Expenses will be granted for a reduced amount.

## I. BACKGROUND

This case was originally filed in 2004 in the Superior Court of the District of Columbia, Case No. 04-CA-005586. Plaintiffs alleged claims of common law fraud, negligent misrepresentation, and violation of the D.C. Consumer Protection Procedures Act, D.C. Code § 23-3904(e), (f), (s) ("CPPA"), arising out of plaintiffs' confusion between LSAT preparation courses offered by TES and a similar company, TestMasters. The case was removed to this

1

Court on diversity grounds on August 13, 2004. Notice of Removal, ECF No. 1. Since removal, the case has been transferred to the U.S. District Court for the Southern District of Texas for Multidistrict Litigation proceedings and returned to this Court where summary judgment was granted against plaintiffs by Judge Robertson on January 27, 2010. Mem., ECF No. 48; Order, ECF No. 49. Plaintiffs appealed the summary judgment and the D.C. Circuit affirmed summary judgment on the common law fraud and negligence claims, but reversed as to the CPPA claims. *Beck v. Test Masters Educ. Servs., Inc.*, 407 Fed. App'x 491 (D.C. Cir. 2011). The case returned to this Court for multiple motions, discovery disputes, and finally, summary judgment on plaintiffs' remaining CPPA claims on December 18, 2013. Order, ECF No. 196; Mem. Op., ECF No. 197.

The Court entered judgment against TES for violation of the CPPA and encouraged the parties to meet and confer to determine a reasonable amount of attorneys' fees. Order, ECF No. 196. Failing to reach an agreement, plaintiffs filed their initial Petition for Attorneys' Fees and Expenses on January 31, 2014. Pet. for Att'y Fees and Expenses, ECF No. 203. The Court denied plaintiffs' request for injunctive relief and awarded $1,500 per plaintiff, for a total of $4,500, in statutory damages on June 20, 2014. Order, ECF No. 218; Mem. Op., ECF No. 219. The Court again encouraged the parties to determine a reasonable amount of attorneys' fees and dismissed the initial Petition for Attorneys' Fees and Expenses without prejudice to be refiled within thirty days if the parties were unable to come to a resolution.

Plaintiffs filed the present Petition for Attorneys' Fees and Expenses on July 21, 2014. Pet. for Att'y Fees and Expenses, ECF No. 221. Plaintiffs seek $963,415.85 in attorneys' fees and expenses. Defendant filed its Opposition to plaintiffs' Petition on August 4, 2014. Mem. in Opp'n to Pls.' Pet. for Att'y Fees and Expenses, ECF No. 222. Plaintiffs entered their Reply to

defendant's Opposition on August 14, 2014. Reply in Supp. of Pet. for Att'y Fees and Expenses, ECF No. 223. Defendant sought leave to file a Surreply to plaintiffs' Reply on September 3, 2014. Mot. for Leave to File Surreply, ECF No. 225; Surreply to Pls.' Reply in Supp. of Pet. for Att'y Fees and Expenses, ECF No. 226. Plaintiffs' filed a Response to defendant's Motion for Leave to File a Surreply on September 5, 2014. Opp'n to Def.'s Mot for Leave to File Surreply, ECF No. 227.

## II.   LEGAL STANDARD

The CPPA allows prevailing claimants to recover "reasonable attorney's fees." D.C. Code § 28-3905(k)(2)(B). The Court awarded attorneys' fees to plaintiffs in summary judgment, alongside statutory damages for their CPPA claims, and plaintiffs are entitled to recover reasonable fees and costs incurred in this case. *In re InPhonic, Inc.*, 674 F. Supp. 2d 273, 279 (D.D.C. 2009). Fees awarded on a successful claim "must be reasonable in relation to the success achieved," and a plaintiff may only recover fees "for work related to the claim" on which plaintiff was successful. *Williams v. First Gov't Mortg. & Investors Corp.*, 225 F.3d 738, 746 (D.C. Cir. 2000). "Fees for time spent on claims that ultimately were unsuccessful should be excluded only when the claims are 'distinctly different' in all respects, both legal and factual, from plaintiff's successful claims." *Id.* (quoting *Morgan v. District of Columbia*, 824 F.2d 1049, 1066 (D.C. Cir. 1987)). Considering the public policy interests served by the CPPA, this Court does not recognize a proportionality requirement when a requested amount in attorneys' fees exceeds the amount awarded in statutory damages. *Id.* at 747.

"'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Baker v. D.C. Pub. Schs.*, 815 F. Supp. 2d 102, 107 (D.D.C. 2011) (quoting *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983)). "The plaintiff bears the burden of demonstrating that the

number of hours that its counsel has spent on a particular task is reasonable." *Id.* (citing

*Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 45 (D.D.C. 2004)). A plaintiff may

satisfy this burden by submitting invoices with sufficient detail to allow the Court to determine

whether or not the hours claimed were justified. *Holbrook*, 305 F. Supp. 2d at 45. Once a

plaintiff has provided detailed billing records and invoices, a "presumption arises [in plaintiff's

favor] that the number of hours billed is reasonable[,] and the burden shifts to the defendant to

rebut the plaintiff's showing of reasonable hours." *Watkins v. Vance*, 328 F. Supp. 2d 27, 31

(D.D.C. 2004); *see Baker*, 815 F. Supp. 2d at 107; *In re InPhonic, Inc.*, 674 F. Supp. 2d at 280;

*Herbin v. District of Columbia*, No. 02-1185, 2006 WL 890673, at *5 (D.D.C. Apr. 4, 2006). A

party objecting to the requested amount of attorneys' fees must justify an adjustment of the

lodestar and "submit facts and detailed affidavits to show why the applicant's request should be

reduced or denied." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1337

(D.C. Cir. 1982) (Tamm, J., concurring); *see Baker*, 815 F. Supp. 2d at 107; *Covington v.

District of Columbia*, 839 F. Supp. 894, 898–99 (D.D.C. 1993). If appropriate, the Court may

also reduce the lodestar amount to account for unreasonable, excessive, deficient, or duplicative

entries in a plaintiffs' fee petition. *Envtl. Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C. Cir.

1993); *Baker*, 815 F. Supp. 2d at 109; *Lynom v. Widnall*, 222 F. Supp. 2d 1, 7 (D.D.C. 2002).

## III.  ANALYSIS

### A. Lodestar Amount

The Court's determination of reasonable attorneys' fees begins by calculating "the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

*Baker*, 815 F. Supp. 2d at 107. The Court finds that plaintiffs' documentation of billing entries

and expenses is sufficient to establish a reasonable lodestar amount. The lodestar amount, however, will be reduced to exclude attorneys' fees and expenses that the Court previously declined to award in connection with plaintiffs' Motion to Compel and Motion for Sanctions.[1]

### 1. Number of Hours

The Court looks at the amount of hours that plaintiffs claim to have "reasonably expended on the litigation." *Hensley*, 461 U.S. at 433. The Court should exclude all time that is excessive, duplicative, or inadequately documented. *Envtl. Def. Fund, Inc.*, 1 F.3d at 1258. Throughout ten years of litigation, plaintiffs have employed attorneys and staff at the Washington, D.C. law firm of Tycko & Zavareei LLP. The parties have litigated in three separate trial courts and the D.C. Circuit Court of Appeals, with multiple discovery disputes, requests for sanctions, and summary judgment motions. Plaintiffs provided record of their hours by a sworn declaration of a partner with an attached log reflecting the hours expended by each attorney and staff member. The hours log is based on contemporaneously recorded time entries for the attorneys and staff, and plaintiffs made discretionary cuts to eliminate time records unrelated to their successful claim and unproductive or otherwise extraneous time records. Reply in Supp. of Pet. for Att'y Fees and Expenses 19–20, ECF No. 223; Pet. for Att'y Fees and Expenses, Zavareei Decl., ECF No. 203-1.

TES argues that plaintiffs' proof of attorneys' fees is deficient and objects to several broad categories of plaintiffs' time entries. First, TES argues that plaintiffs have failed to provide "adequate testimony authenticating these documents" under the Federal Rules of Evidence and that plaintiffs' hours log includes improper "excerpts" of reports generated by the attorneys' billing software. Opp'n to Pls.' Pet. for Att'y Fees and Expenses 25, ECF No. 222.

---

[1]       *See* Mem. & Order, ECF No. 138.

These objections are meritless.  Consistent with the Court's requirements, plaintiffs have "maintained contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Weisberg v. Webster*, 749 F.2d 864, 873 (D.C. Cir. 1984). Plaintiffs' sworn declaration from the supervising attorney and the hours log, created using the firm's billing software and records, are exactly the sort of evidence normally considered by the Court in evaluating a fee award. *Holbrook*, 305 F. Supp. 2d at 45.  The records are sufficient to allow the "Court to make an independent determination whether or not the hours claimed are justified."[2] *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327.

Second, TES objects to broad categories of attorneys' fees that it alleges are "examples of [p]lantiffs' counsel's gamesmanship, unreasonable positions, or simple failure to comply with rules of procedure."[3]  Despite its proven ability to provide specific and detailed objections to plaintiffs' hour logs, see Def.'s Objections to Pls.' Delineated Doc. of Att'y Fees and Expenses, ECF No. 125, TES does not identify to which billing entries it objects or even a summary of how many hours it claims to be unreasonable.  This Court requires that a party objecting to a request for attorneys' fees must present detailed and specific reasons why the applicant's request should be reduced or denied. *Baker*, 815 F. Supp. 2d at 107; *Covington*, 839 F. Supp. at 898–99.  TES's broad objections, lacking even specific invoice numbers or dates to help identify the problematic billing entries, are not sufficient to rebut the presumption that plaintiffs' hours request is reasonable.

---

[2]       The Court previously accepted plaintiffs' billing record presentation and found it to be sufficient. Mem. & Order, ECF No. 138

[3]       TES also argues that plaintiffs failed to segregate their attorneys' fees to demonstrate exclusion of fees incurred in pursuit of unsuccessful claims. TES does not identify any specific entries that plaintiffs failed to segregate or instances when plaintiffs requested fees for time expended on the fraud or negligent misrepresentation claims or for plaintiffs' work relating to compensatory damages.  Plaintiffs contend that they "diligently excluded such entries."  Reply in Supp. of Pet. for Att'y Fees and Expenses, ECF No. 223.  Without specific objections from TES, the Court will rely on plaintiffs' sworn declaration and hours log.

The Court will, however, deny plaintiffs' request for attorneys' fees and expenses related to the plaintiffs' Motion for Sanctions under Federal Rule of Civil Procedure 37(b).[4] The Court previously declined to award plaintiffs' full attorneys' fees because it found that portions of TES's opposition to discovery requests were "substantially justified" and sanctions were inappropriate. Mem. & Order 9–10, ECF No. 138. The Court awarded one-third of the requested amount and declined to award the remaining $34,153.65 for attorneys' fees and $1,554.31 for expenses because the federal rules did not allow for the award. *Id.* at 21. Having previously declined to award full attorneys' fees and expenses for plaintiffs' Motion for Sanctions, the Court will not revisit its earlier decision.

### 2. Hourly Rates

Reasonable hourly rates are those "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Covington*, 57 F.3d at 1109 (internal quotations omitted). Plaintiffs have provided sufficient records to document a reasonable hourly rate for work completed by plaintiffs' attorneys. Plaintiffs' attorneys billed at hourly rates between $250 and $400, and paralegals and staff employed on behalf of plaintiffs billed at an hourly rate of $60. The rates requested by plaintiffs align with those previously awarded to plaintiffs by this Court on March 1, 2013, Mem. & Order, ECF No. 138, and the rates approved by the current *Laffey* index. *Laffey v. Nw. Airlines*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984).[5] Plaintiffs have presented evidence that their attorneys were qualified to request these hourly rates and that the rates are reasonable and customary for the D.C.

---

[4]    Sealed Mot. to Compel, for Issue-Related Sanctions, and for Monetary Sanctions, ECF No. 103.

[5]    The current *Laffey* rates are available at http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf. Almost all of the rates requested by plaintiffs are below the accepted *Laffey* rate. Plaintiffs only request a rate equal to that listed on the *Laffey* index when the Court has not previously awarded attorneys' fees for a particular individual.

community.  Thus, the lodestar amount, minus the hours and expenses for the Motion for Sanctions previously denied by this Court, is $927,707.89.

### B.  Adjustment to the Lodestar Amount

TES has mounted several additional challenges to plaintiffs' Petition for Attorneys' Fees and Expenses, and attempts to demonstrate that no attorneys' fees award is reasonable in light of plaintiffs' limited success in the present litigation.  TES's arguments are largely without merit because they do not rebut the reasonableness of plaintiffs' request nor do they justify an adjustment to the lodestar amount.

#### 1.  Litigation Success

TES argues that the Court should not award attorneys' fees or expenses because plaintiffs' were not "successful" in their suit.  This argument is incorrect.  The Court ruled in favor of plaintiffs' CPPA claims and awarded plaintiffs' statutory damages and reasonable attorneys' fees and expenses.  That is sufficient to demonstrate that plaintiffs' were successful and that the Court properly, and in its discretion, awarded attorneys' fees.  *In re InPhonic, Inc.*, 674 F. Supp. 2d at 279.  Plaintiffs were not successful in each of their claims, but the Court's order of summary judgment in their favor and award of CPPA statutory damages and attorneys' fees and expenses is sufficient for plaintiffs' to be "successful" under the CPPA.

TES claims *arguendo* that plaintiffs' attorneys' fees far exceed their relative success on the merits.  The Court has expressly rejected a rule of proportionality for attorneys' fees awarded under the CPPA.  *Williams*, 225 F.3d at 747.  The CPPA serves several important public policy interests, namely protection from "unconscionable credit transactions exploiting a consumer's likely inability to . . . protect her interests.  *DeBerry v. First Gov't Mortg. & Investors Corp.*, 743 A. 2d 699 (D.C. 1999).  The difference between plaintiffs' $4,500 statutory damages award and

8

the requested attorneys' fees and expenses incurred in litigation is significant.  This Court, however, does not require an attorneys' fee award to be proportionate to a merits award because such a rule would "'make it difficult, if not impossible, for individuals with meritorious . . . claims but relatively small potential damages to obtain redress from the courts.'"  *Williams*, 225 F.3d at 747 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986)).  This Court only requires that the requested attorneys' fees and expenses be reasonable in relation to the success achieved.  "'There is no precise rule or formula' for determining the reasonableness of the relation between the fee requested and the relief obtained."  *Id.* at 746 (quoting *Hensley*, 461 U.S. at 436).  Plaintiffs seek attorneys' fees and expenses incurred while litigating their CPPA claims.  Plaintiffs' attest, and TES presents no contrary evidence, that they have excluded billing entries for time devoted solely to pursuit of the negligent misrepresentation and fraud claims that were dismissed previously.  Thus, to the extent that plaintiffs' request is reasonable (as discussed above), the relatively small statutory damages award in this case does not limit the Court's ability to award plaintiffs' attorneys' fees and expenses.

TES also asserts that plaintiffs' request for attorneys' fees and expenses should be reduced because a third party, Robin Singh, paid a portion of plaintiffs' attorneys' fees.  First, TES's claims of champerty and maintenance are not appropriate.  TES has cited no case to support its claim that third party's payment of a consumer's attorneys' fees limits plaintiffs' ability to recover attorneys' fees or otherwise demeans the reasonableness of plaintiffs' request.  The language of the CPPA does not require that attorneys' fees be directly "incurred" by the plaintiffs to support an award.  Instead, as a fee-shifting statute, the CPPA allows attorneys' fees to be awarded to successful plaintiffs' regardless of how the attorneys' fees would otherwise be paid.  *See Blum v. Stenson,* 465 U.S. 886, 894 (1984) (noting that "reasonable fees" in federal

9

civil rights actions are to be calculated according to the prevailing community rates regardless of whether plaintiff is represented by private or nonprofit counsel); *Covington*, 57 F.3d at 1107 (allowing attorney's fee award at prevailing market rates even though attorneys typically charged their poorer clients a reduced rate for noneconomic reasons); *Am. Fed'n of Gov't Employees, AFL-CIO, Local 3882 v. Fed. Labor Relations Auth.*, 944 F.2d 922, 933 (D.C. Cir. 1991) (awarding attorney's fees under fee-shifting provision of the Back Pay Act to plaintiff employee even though plaintiff received union counsel's services free of charge). Thus, Mr. Singh's payments for plaintiffs' attorneys' fees from 2004 to 2010 do not diminish or undermine plaintiffs' request.

### 2.  2005 Settlement Discussions

TES argues that plaintiffs' rejection of a $15,000 settlement offer ($5,000 to each plaintiff) in 2005 weighs against the plaintiffs' request for attorneys' fees. TES's previous settlement offer that predates 96% of litigation costs (including multiple summary judgment motions and appeals to the D.C. Circuit), and does not include attorneys' fees, is not relevant to the current determination of reasonable attorneys' fees. First, TES's $15,000 settlement offer was not an offer of judgment, and thus, it does not limit the Court's later consideration of plaintiffs' attorneys' fees. *See* Fed. R. Civ. P. 68; *Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) (vacating an order for attorney's fees because a district court improperly limited recovery based on a settlement offer which failed to meet the requirements of Rule 68); *Am. Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 145 (D.D.C. 2007) (noting that an offer of judgment made under Rule 68 is one of the few circumstances that would justify a reduced attorneys' fees award for work performed after a settlement offer); *Bonenberger v. Plymouth Twp.*, No. 96-403, 1998 WL 472469, *3–4 (E.D. Pa. July 27, 1998), *aff'd* 202 F.3d 253 (3d Cir. 1999) (limiting

Rule 68's restrictions on the amount of plaintiff's attorney's fees request to circumstances when a proper offer of judgment is made).  Second, TES cites no case indicating that a unilateral settlement offer may be admissible to prove the reasonableness or unreasonableness of plaintiffs' request for attorneys' fees.  TES's $15,000 settlement offer that predates nine years of litigation costs does not shed any light on the "objective reasonableness" of plaintiffs' current request. TES's settlement offer further declines in relevance because plaintiffs' made a counteroffer to which TES failed to respond.

IV.   **CONCLUSION**

For the foregoing reasons, plaintiffs' Petition for Attorneys' Fees and Expenses will be granted in the amount of $854,623.90 for attorneys' fees and $73,083.99 for expenses and costs, for a total of $927,707.89.  A separate Order accompanies this Memorandum Opinion.


Signed Royce C. Lamberth, United States District Judge, on November 10, 2014.